IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES LaFOLLETTE and GLENDA LaFOLLETTE, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 3:05-CV-365 ) (Phillips/Guyton) |
| STATE FARM MUTUAL INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This action involves statutory and common law claims relating to a homeowner's policy issued by the defendant. The defendant has filed a motion for summary judgment [Doc. 5] claiming that the instant action was filed untimely and should be dismissed. Plaintiffs have filed a response in opposition, and the defendant has replied. For the reasons that follow, plaintiffs' second motion for enlargement of time to file response [Doc. 11] is **MOOT**, and defendant's motion [Doc. 5] is **DENIED**.

I.  **Summary of the Facts**

As the law requires, all disputed facts and inferences are resolved most favorably for the plaintiffs. The Court merely provides an abridged summary of facts for the purposes of this opinion.

1

On or about December 7, 2003, plaintiffs, James LaFollette and Glenda LaFollette, incurred smoke damage to their residence and multiple items of personal property as a result of a gas log fireplace malfunction. Plaintiffs had a homeowner's insurance policy in place with defendant, State Farm Mutual Insurance Company ("State Farm"). In accordance with the policy, State Farm settled certain claims arising from the December 7, 2003 incident. Also, State Farm began paying plaintiffs' living expenses necessitated by the smoke damage, as well as the storage expenses for the plaintiffs' personal property.

During the year after the incident, the plaintiffs and State Farm communicated as to the losses. Plaintiffs sent letters to State Farm regarding personal property inventory, receipts, living expenses, payments of items lost, etc.[1] Plaintiffs would also inquire as to the status of the adjustments. In response, State Farm would request lists and estimates of inventory lost, send reimbursement checks, and inform plaintiffs through counsel as to the status of their claims. At no time did State Farm deny any of the claims submitted or inform the plaintiffs or their counsel that they would be relying on the one year provision of the homeowner's policy to bring suit. Rather, State Farm had told the plaintiffs in a letter dated March 19, 2004 that the plaintiffs would "have two years from the date of loss (12-7-03 +Two Years) to replace items and submit receipts for reimbursement."

However, on February 10, 2005, State Farm's counsel wrote plaintiffs' counsel essentially informing him that State Farm would be "cutting off" payments to the plaintiffs. Indeed, State Farm ceased payment on storage costs and living expense in February of 2005. Thereafter, the

---

[1] Plaintiffs submitted estimates relative to the replacement of furniture, clothing, appliances, carpeting, and the cleaning of family memorabilia in letters and enclosures dated July 29, 2004 and July 30, 2004.

2

plaintiffs commenced suit in the Circuit Court for Sevier County, Tennessee on June 16, 2005 for unpaid claims. On July 21, 2005, the action was removed to this District Court.

Defendant State Farm filed its summary judgment motion relying on a time limitation set forth in the policy, which states that "[n]o action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of loss or damage." Policy, Sec. 1, ¶6, p.14. In response to the defendant's summary judgment motion, the plaintiffs state that under Tennessee law, "an insurer may be estopped from asserting limitations as a defense where it has misled the insured to believing its claim will be paid, thereby lulling an insured into inaction or when the insurer intentionally delayed adjustment of the claim until after the limitations had expired." In this regard and in light of the facts of the case, plaintiffs submit that there is a genuine issue of material fact as to whether State Farm is estopped at this point to rely on the policy language and that summary judgment should be denied.

## II.     Law Applicable to Rule 56 of the Federal Rules of Civil Procedure

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment will be granted by a court only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to conclusively show that no genuine issue of material fact exists. A court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Morris v. Crete Carrier Corp.,* 105 F.3d 279, 280-81 (6th Cir.1997); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987).

Once the moving party presents evidence sufficient to support a motion under Rule 56 of the Federal Rules of Civil Procedure, the nonmoving party is not entitled to a trial simply on the basis of allegations. The non-moving party is required to come forward with some significant probative evidence, which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). The moving party is entitled to summary judgment if the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. *Celotex,* 477 U.S. at 323; *Collyer v. Darling,* 98 F.3d 220 (6th Cir.1996).

### III.     Motion for Summary Judgment and Applicable Law

"Where by promises or appearances one party is induced to believe that the other party is going to pay a claim or otherwise satisfy the claims of the first party, and in reliance on that representation the first party delays in filing suit within the applicable statute of limitations, the party making the representations may be estopped to raise the statue of limitations as a defense." *Brick Church Transmission, Inc. v. Southern Pilot Insurance Co.*, 140 S.W.3d 324, 335 (Tenn.Ct.App. 2003) (*quoting Fairway Village Condominium Association, Inc. v. Connecticut Mutual Life Insurance Co.*, 934 S.W.2d 342, 346 (Tenn.Ct.App. 1996) (internal citations omitted). Furthermore, depending on the facts, an insurer may be precluded from successfully utilizing time limitation defenses if it appears that, in its actions, it misled the insured into believing that his or her claim would/will be paid. *Certain Underwriter's At Lloyd's of London v. Transcarriers Inc. et al.*, 107 S.W.3d 496, 500 (Tenn.Ct.App. 2002).

In the instant action, the Court finds that the plaintiffs have asserted facts that arguably support a finding of estoppel. There is no evidence in the record that State Farm indicated that plaintiffs' claims were questionable or that they would not be paid. Rather, from the evidence in the record, it would appear that State Farm had cooperated with providing for the plaintiffs' needs and was continuing to cooperate with the plaintiffs' needs in its investigation of the December 7, 2003 incident. Moreover and notably, the defendant did particularly advise/caution the plaintiffs that they had two years from the date of loss to submit their claims. While the defendant states that this was merely a partial recitation of language contained in the policy dealing with replacement costs and that it would not alter the time requirement for filing suit, a question of fact exists as to its misleading nature and as to plaintiffs' reliance on the statement. In sum, defendant's argument asserting that plaintiffs were time-barred by the contractual one year limitation period is unsuccessful as a matter of law because there are genuine issues of material fact.

## V. Conclusion

For the reasons hereinabove set forth, plaintiffs' second motion for extension of time [Doc. 11] is **MOOT**, and defendant's motion for summary judgment [Doc. 5] is **DENIED in its entirety**. Parties are directed to prepare for trial.

**IT IS SO ORDERED.**

                                                                **ENTER:**

s/Thomas W. Phillips
UNITED STATES DISTRICT JUDGE